Vincent Assini, Esq. Town Attorney, Gates
You have informed us that shortly after his appointment, your town's supervisor received a free membership from a local country club as has been the tradition for almost twenty years. It is your understanding that the local country club gives this membership to the town supervisor on a routine basis and considers it to be an honor for both the club and for the town. The conditions of membership provide that all costs of using the club are to be paid by the supervisor except for the $7,500 membership fee which is waived. You have asked whether the provision of this free membership to the supervisor is proper.
Under State law, no municipal officer or employee may directly or indirectly solicit any gift or accept or receive any gift having a value of $75 or more
 "whether in the form of money, service, loan, travel, entertainment, hospitality, thing or promise, or in any other form, under circumstances in which it could reasonably be inferred that the gift was intended to influence him, or could reasonably be expected to influence him, in the performance of his official duties or was intended as a reward for any official action on his part" (General Municipal Law, § 805-a[1]).
Thus, under this provision it is necessary to scrutinize the conditions under which the gift is made. Certainly, questions such as whether the country club has or is likely to have applications or other matters pending before the town are relevant. In our view, the impartiality of town officials acting on these matters might reasonably be questioned as a result of this substantial gift to the supervisor. A violation of section 805-a(1) occurs not only where there is an intent to influence or reward an official but also in instances where there is an appearance that a gift will influence the official. We have stated on numerous occasions that public officials must exercise their official duties solely in the public interest and must avoid even the appearance of impropriety.
We note also that the governing body of every local government is required to enact a code of ethics setting forth for the guidance of officers and employees the standards of conduct expected of them (General Municipal Law, § 806[1]). These codes may regulate or proscribe conduct which is not expressly prohibited by other provisions of article 18 of the General Municipal Law but may not authorize conduct otherwise prohibited (ibid.). Thus, you should review your code of ethics to determine whether it includes standards that can be applied to the circumstances at hand. If standards are lacking, clearly the town is authorized to amend its code of ethics to provide standards more stringent than those provided by article 18 of the General Municipal Law.
We conclude that a municipal officer or employee may not receive any gift having a value of $75 or more under circumstances in which it reasonably could be inferred that the gift will influence him.